IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| | |
|---|---|
| ROBERT J. COLE,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner, Social Security<br>Administration,<br><br>　　　　Defendant. | CV-10-68-GF-SEH-RKS<br><br><br>**FINDINGS &**<br>**RECOMMENDATIONS** |

## I.　SYNOPSIS

Mr. Robert J. Cole instituted this action to obtain judicial review of the decision of Defendant, Commissioner of Social Security ("Commissioner"), denying his application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401-434.

Jurisdiction vests pursuant to 42 U.S.C. § 405(g). The case was referred to

the undersigned for the submission of proposed findings and recommendations by United States District Judge Sam E. Haddon on January 7, 2011. Now pending are Plaintiff's Motion for Summary Judgment and Defendant's Motion for Summary Judgment. (C.D. 11 & 16.)

## II. PROCEDURAL BACKGROUND

Mr. Cole protectively filed his claim for DIB under §§ 1602 and 1614(a)(3)(A) of Title XVI of the Social Security Act, 42 U.S.C. §§ 1318a, on July 5, 2007, alleging a disability onset date of July 1, 2005. Tr. 124. On February 2, 2008, his claims were denied, Tr. 83-85, and again upon reconsideration on November 19, 2008. Id. Mr. Cole filed a request for hearing on November 25, 2008. Tr. 92-94  A hearing de novo was held on March 2, 2010. Tr. 29-79.

A request for a review of the hearing decision to the Appeals Council was made by the Plaintiff on July 23, 2010 on the basis that the ALJ failed to consider Mr. Cole's limitations from right and left eye cataracts. The Appeals Council denied this request, and the ALJ's decision is the final decision of the Commissioner for this case. Plaintiff is seeking judicial review of this decision pursuant to §205(g) of the Social Security Act.

## II. STANDARD OF REVIEW

The Court has discretion to affirm, modify, or reverse the Commissioner's decision with or without a rehearing. 42 U.S.C. § 405(g). The Court may set aside the Commissioner's decision only where the decision is not supported by substantial evidence or where the decision is based on legal error. Maounis v. Heckler, 738 F.2d 1032, 1034 (9th Cir. 1984) (citing Delgado v. Heckler, 722 F.2d 570, 572 (9th Cir. 1983)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence has also been described as "more than a mere scintilla" but "less than a preponderance." Desrosiers v. Sec. of Health and Human Servs., 846 F.2d 573, 576 (9th Cir. 1988). The District Court must consider the record as a whole, weighing both the evidence that supports and detracts from the Commissioner's conclusion. Green v. Heckler, 803 F.2d 528, 530 (9th Cir. 1986) (citing Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985)). While the Court may not substitute its findings for those of the Commissioner, Palmer v. Celebrezza, 334 F.2d 306, 308 (3rd Cir. 1964), it may reject the findings not supported by the record.

### III.  BURDEN OF PROOF

A claimant is disabled for purposes of the Social Security Act if the claimant proves by a preponderance of the evidence that: (1) the claimant has a "medically

determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months," and (2) the impairment or impairments are of such severity that, considering the claimant's age, education and work experience, the claimant is not only unable to perform previous work, but also cannot "engage in any other kind of substantial gainful work which exists in the national economy." Schneider v. Commr. of Soc. Sec. Admin., 223 F.3d 968, 974 (9th Cir. 2000) (citing 42 U.S.C. §1382(a)(3)(A)-(B)).

In determining whether a claimant is disabled, the Commissioner follows a five-step sequential evaluation process. Corrao v. Shalala, 20 F.3d 943, 946 (9th Cir. 1994) (citing 42 U.S.C. § 1382C(a)(3)). If the Commissioner finds that a claimant is disabled or not disabled at any step in this process, the review process is terminated. Id. At step one, a claimant must show that he or she is not currently engaged in substantial gainful activity. Id. At step two the claimant must demonstrate that he has a severe impairment. Id. At step three the ALJ must determine whether a claimant's impairment meets or equals the criteria of the Listing of Impairments. Step four provides that if the claimant does not have a listed impairment, then the claimant must establish a prima facie case of disability by showing an inability to engage in past work because of the medical

impairments. Id. If that case is made, at step five the burden shifts to the Commissioner to prove that the claimant can engage in other types of substantial gainful work existing in the national economy given the claimant's age, education, work experience, and residual functional capacity ("RFC"). Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).

## IV.  DISCUSSION

At step one the ALJ correctly determined that Mr. Cole has not engaged in substantial gainful activity since his application date of June 26, 2007. Tr. 11. At step two, the ALJ found Mr. Cole has three severe impairments: borderline intellectual functioning, status post removal bilateral cataracts, and history of seizures. Tr. 11.

At step three the ALJ found Mr. Cole does not have an impairment that meets the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 14. Mr. Cole argues the ALJ erred by not considering his pre-removal cataract period for disability. C.D. 12, p. 10. The Commissioner argues Mr. Cole's pre-removal vision in his good eye was 20/30 corrected so he never qualified as disabled for his vision. C.D. 19, p. 4.

Mr. Cole's argument that the ALJ erred by not finding his pre-removal vision disabling consists of a recitation of his doctor visits from 2007 until his

cataracts were removed in January 2009. C.D. 12, p. 14-15. The Commissioner argues Mr. Cole's pre-removal vision in his better eye was 20/60 uncorrected and 20/30 corrected, and none of his physicians gave opinions regarding his functional limitations. C.D. 19, p.4-5. The Commissioner cites Harris v. Barnhart, 356 F.3d 926, 929 (8th Cir. 2004), in which the 8th Circuit determined the claimant's vision of 20/100 right eye and 20/50 left eye with no work-related limitations from the claimant's physician did not support a disability finding. Here, the ALJ evaluated Mr. Cole's vision under Listing 2.02 loss of visual acuity, which requires vision in the better eye to be 20/200 or less. Tr. 11. Mr. Cole's better eye had corrected vision of 20/30 with an adequate visual field under Listing 2.03 pre-cataract removal. Tr. 11. The ALJ properly determined Mr. Cole's pre-removal vision did not meet the relevant Listings.

The ALJ considered Mr. Cole's seizures under Listing 11.02 and 11.03. He determined neither Listing was met because the record evidenced no "persistent disorganization of motor function in the form of paresis or paralysis, tremor or other involuntary movements, ataxia and sensory disturbances, singly or in various combinations." Tr. 12. Mr. Cole does not specifically argue that the ALJ erred in his step three findings regarding Mr. Cole's seizures or his lack of a mental impairment under 12.02. Courts generally do not address issues not raised by the

parties on appeal. Fed. R. App. P. 28(a); *Harden v. Roadway Package Systems, Inc.*, 249 F.3d 1137, 1141 (9th Cir. 2001); *Crawford v. Gould*, 56 F.3d 1162, 1169 (9th Cir. 1995).

Prior to step four, the ALJ determined Mr. Cole's RFC, or his ability to do physical and mental work despite his severe and non-severe impairments. Tr. 13. In making this determination, the ALJ is required to evaluate the intensity, persistence, and limiting effects of the claimant's symptoms. If statements about these factors are not substantiated by the medical record, the ALJ must determine the credibility of the claimant's statements. 20 C.F.R. § 416.929.

**Credibility Determination**

Mr. Cole argues the ALJ erred by not providing specific reasons for finding his statements lacked credibility. C.D. 12, p. 20-21. The Commissioner argues the ALJ had several valid reasons for his credibility finding, including: Mr. Cole had full activities of daily living that are inconsistent with his reported symptoms, Mr. Cole did not seek treatment for over a year between 2008-2009, Mr. Cole's sporadic employment history indicates his unemployment is not necessarily the result of his impairments, and Mr. Cole's evasive and inconsistent reports to his physicians and counselors provide reason to question his credibility. Tr. 17-19.

The ALJ's credibility determination is entitled to great weight in this case

because he stated several valid and specific reasons supporting his finding that Mr. Cole lacked credibility. Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1985). The ALJ pointed out that Mr. Cole's daily activities of doing laundry, mowing the lawn, shoveling snow, cooking and cleaning were not as limited as would be expected for a person claiming total disability. Tr. 16. Mr. Cole admitted in his hearing that he did not drive because he is a habitual traffic offender and has been to jail several times due to traffic violations, not because of his seizures. Tr. 38-39. Mr. Cole uses public transportation and gets rides from friends for transportation. Tr. 51. The ALJ properly considered the inconsistencies between Mr. Cole's claims of disability and his daily activities in determining he lacked credibility. See Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

The ALJ properly considered Mr. Cole's failure to seek treatment for his seizures for over a year in determining his credibility. See Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989). The ALJ's credibility determination was also supported by his finding that Mr. Cole had a vague, sporadic work history and had not worked for the previous 10 years–many years prior to filing for disability. The ALJ stated this "indicates that his current unemployment is not necessarily the result of his impairments." Tr. 16. See Bean v. Chater, 77 F.3d 1210, 1213 (10th Cir. 1995)(ALJ properly considered claimant quitting work several years prior to

filing for disability in credibility determination). The ALJ also noted that Mr. Cole was a polysubstance abuser for 12-15 years prior to his application, which coincides with the years he had no reported income. Tr. 16. The ALJ had substantial evidence supporting his determination that Mr. Cole is not credible to the extent his testimony is inconsistent with his RFC.

**Medical and Mental Health Testimony**

The ALJ also weighed Mr. Cole's treating and non-treating medical and mental health reports in determining his RFC. The ALJ is required to resolve any conflicts in the claimant's medical record. Carmickle v. Commissioner, 533 F.3d 1155, 1164 (9th Cir. 2008). The ALJ considers the following factors in evaluating medical opinions: the examining and treatment relationship with the claimant, the support provided for the opinion, the source's medical specialty, the opinion's consistency with other evidence in the record, and any other factors supporting or contradicting the opinion. 20 C.F.R. 404.1527(d). Treating sources' opinions are generally entitled to more weight than non-treating physicians. Carmickle, 533 F.3d at 1164. Examining sources' opinions are given greater weight than non-examining sources. 20 C.F.R. § 404.1527(d). The opinions of specialists are given more weight than non-specialists in matters relating to their specialty. 20 C.F.R. § 404.1527(d)(5).

Acceptable medical sources include licensed physicians and licensed or certified psychologists. 20 C.F.R. § 416.913(a). Non-acceptable medical sources include therapists and licensed clinical social workers. 20 C.F.R. § 416.913(d); SSR 06-03p (2006). Non-acceptable medical sources cannot establish the existence of a medically determinable impairment, cannot give medical opinions, and cannot be considered treating sources. SSR 06-03p. Their opinions can be considered in determining the severity of a claimant's impairment and the functionality of the claimant, however. Id. The factors the ALJ is to consider when evaluating non-acceptable medical source opinions include:

- How long the source has known and how frequently the source has seen the individual;
- How consistent the opinion is with other evidence;
- The degree to which the source presents relevant evidence to support an opinion;
- How well the source explains the opinion;
- Whether the source has a specialty or area of expertise related to the individual's impairment(s); and
- Any other factors that tend to support or refute the opinion.

Id. at 4-5.

If a treating source's opinion is uncontradicted, the ALJ must give clear and convincing reasons for rejecting the opinion. Carmickle, 533 F.3d at 1164. When the treating source's opinion is contradicted by another acceptable medical source, the ALJ must have specific and legitimate reasons for rejecting the opinion. Id.

Mr. Cole argues the ALJ erred by disregarding the findings of the treating physician Dr. Mozer and the opinions of Dr. Zook, Ph.D. C.D. 12, p. 10. The Commissioner argues Dr. Zook was a consultative psychologist, not a treating one, and her opinion was inconsistent with her objective medical findings. C.D. 19, p. 10. Dr. Zook also noted multiple inconsistencies in Mr. Cole's examination. Id. at 11. The Commissioner argues that although Dr. Mozer was a treating physician for Mr. Cole, he only treated him twice and the weight of his opinion should be adjusted accordingly. Further, the Commissioner argues Dr. Mozer's opinion was inconsistent with his objective findings. Id. at 12.

The ALJ did not disregard Dr. Zook's opinion. Rather, he included many of her findings in his RFC, which is not inconsistent with her opinion. Dr. Zook examined Mr. Cole on September 25, 2008 at the request of Disability Determination Services. Tr. 316. She performed a psychological evaluation and IQ testing. Id. Dr. Zook reported that Mr. Cole's persistence to tasks varied during testing, his appearance was unkempt, and he became discouraged and frustrated easily when tasks became difficult. Tr. 318. Dr. Zook opined that Mr. Cole "fails to attribute his history of excessive drug use with health and mental health problems but wants to place the blame on a medical condition that developed independent of his lifestyle." Tr. 318. Dr. Zook described Mr. Cole as

"disgruntled, moody, demanding, and manipulative." Tr. 318. Mr. Cole scored in the Borderline to Low Average range on most of his intelligence testing with a full scale IQ of 78. Tr. 319. Mr. Cole was unable to memorize information even for a short time, and demonstrated inflexible thinking. Tr. 320. Dr. Zook opined that Mr. Cole required assistance in managing his funds, but was "unable to find any physical reason why Mr. Cole cannot engage in work related activity." Tr. 321. Dr. Zook gave Mr. Cole a Global Assessment of Functioning (GAF) score of 45 due to his inability to find and keep a job resulting from a combination of intellectual and cognitive deficits. Tr. 320. Dr. Zook recommended mental health treatment and vocational rehabilitation for the visually impaired. Tr. 321.

The ALJ took Dr. Zook's findings and opinions into consideration in his RFC and overall determination that Mr. Cole is not disabled. He limited Mr. Cole to work involving 1-2 step tasks, a low stress environment, judgment for work tasks limited to occasional, and frequent but not constant exposure to co-workers and the general public. Tr. 13. Furthermore, Dr. Zook was an examining psychologist, so her opinion is entitled to less weight than treating source opinions. The ALJ did not err to the extent he did not expressly incorporate all of Dr. Zook's opinions because of she is an examining source for Mr. Cole and her opinion is not controlling.

The ALJ similarly took Dr. Mozer's opinion into account in his determinations. Although the parties disagree whether the ALJ had the requisite evidence needed to disregard Dr. Mozer's opinion, they do not clearly specify how or where the ALJ did, in fact, disregard his opinion. Mr. Cole summarily states that the ALJ failed to consider all of the limitations set forth in Dr. Mozer's opinion, but does not specify which parts of Dr. Mozer's opinion the ALJ rejected. C.D. 12, p. 15, 17, 19. Dr. Mozer diagnosed Mr. Cole with a Cognitive Disorder Not Otherwise Specified and a GAF of 50. Tr. 315. Dr. Mozer did not recommend psychiatric medication or further psychiatric follow-up, but suggested Mr. Cole continue therapy with his social worker as it could improve his functioning. He noted that Mr. Cole was "involved with Voc Rehab which may offer some skills or job training." Tr. 315. Clearly Dr. Mozer did not opine against Mr. Cole working, but instead recommended Mr. Cole continue with therapy and Vocational Rehabilitation in hopes he could become more functional. The ALJ did not reject Dr. Mozer's opinion nor are his findings inherently inconsistent with it.

Plaintiff also argues the ALJ erred by rejecting the opinion of Mr. Robert Fry, LCSW. C.D. 12, p. 18. Defendant responds that Mr. Fry is not considered an acceptable medical source under 20 C.F.R. §§ 416.913(a), (d), and his opinion should be given little weight because his conclusions were inconsistent with his

favorable observations of Mr. Cole. C.D. 19, p. 13-14. Mr. Fry performed a mental health assessment of Mr. Cole on July 16, 2007. Mr. Fry opined that Mr. Cole had "[p]roblems with memory and judgment, probably secondary to his long term drug use. Severe visual problems. Odd somatic symptoms. Does not appear to be employable." Tr. 281.

According to the record Mr. Fry began seeing Mr. Cole in July 2007 and saw him several times until February 2008. Tr. 279-294, 303-312. His observation that Mr. Cole appears to be unemployable is inconsistent with the opinions of Dr. Mozer and Dr. Zook who made no such findings. The ALJ was required to give Mr. Fry's observations less weight than Drs. Mozer and Zook's opinions because they are acceptable medical sources and Mr. Fry is not. 20 C.F.R. §§ 416.913(a), (d). Mr. Fry attributed at least some of his opinion that Mr. Cole was unemployable to Mr. Cole's severe vision problems, which had been remedied when the ALJ decided Mr. Cole was not disabled. Given that Mr. Fry is a non-acceptable medical source, and upon consideration of the above factors, the ALJ did not err in rejecting Mr. Fry's opinion that Mr. Cole appeared to be unemployable.

The ALJ next determined that Mr. Cole had no past relevant work, and that jobs exist in significant numbers in the national economy that he can perform. Tr.

16. The vocational expert testified that given Mr. Cole's age, education, work experience, RFC, and additional limitations, Mr. Cole could perform occupations within the unskilled medium occupational base such as: dining room attendant, dishwasher, and laundry worker. Tr. 17. Mr. Cole thus was found not disabled as defined in the Social Security Act.

Mr. Cole argues he could not perform the dining room attendant or dishwasher occupations because he has Hepatitis C and thus is prohibited from any food handling. C.D. 12, p. 3. Mr. Cole provides no legal support for this argument apart from his own bald assertion, and brief independent research reveals it has no merit. See Carter v. Astrue, 2009 WL 2382536, 2 (S.D. Cal. 2009); Dray v. Astrue, 353 Fed.Appx. 147 (10th cir. 2009)(ALJ's determination that claimant with Hepatitis C could return to work as a deli clerk not in err).

In sum, a review of the transcript and the parties' submissions reveals the ALJ followed the law and his decisions are supported by substantial evidence.

For the foregoing reasons,

**IT IS HEREBY RECOMMENDED** that Plaintiff's Motion for Summary Judgment be **DENIED**.

**IT IS FURTHER RECOMMENDED** that the Commissioner's Motion for

Summary Judgment be **GRANTED**.

NOTICE OF RIGHT TO OBJECT TO FINDINGS &
RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Findings and Recommendations within fourteen (14) business days of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge.

DATED this 11th day of July, 2011.

                                                                     /s/Keith Strong
                                                                     Keith Strong
                                                                     United States Magistrate Judge